**CLEVELAND, C, C & ST L RY CO v ENGLAND**

Ohio Appeals, 1st Dist, Hamilton Co

No 4942. Decided June 15, 1936

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for plaintiff in error.

W. H. Rucker, Cincinnati, Ragland, Dixon & Murphy, Cincinnati, and Philip J. Kennedy, Cincinnati, for defendant in error.

## OPINION

By ROSS, PJ.

This is a proceeding in error from the Court of Common Pleas of Hamilton County, brought to reverse a judgment in favor of the plaintiff in that court. The action was instituted to recover damages to real estate and improvements thereon caused by the removal of a large quantity of earth from the foot of a hill upon which the premises owned by the plaintiff were located. These premises were not directly above the excavation, but were located some considerable distance eastwardly therefrom.

The first question to which we direct our attention is that involving the alleged negligence of the defendant.

The excavation was conducted by the defendant upon an immense scale. A vast area at the foot of a high hill was created by cutting into the toe of the hill which was a part of the heights bordering the Ohio River upon the north. Excavation had been made by others for gravel without affecting the stability of the hillside. A street had been made along the hill and various sewers and water mains installed therein with similar lack of effect upon the ground. The defendant employed the best available engineering talent in preparing for and conducting the operations. An unusually heavy rainfall occurred immediately preceding the slip of the surface of the hill. There was evidence that the movement of the premises of the plaintiff should have been to the east instead of to the west and toward the excavation. There is no dispute, however, as to the fact that after the rainy period a vast area along the hill above the excavation slipped for many feet. What our conclusion upon this evidence would be is beside the point.

As to the real property itself, the question of negligence is important—the question as to this property is whether the excavation by the defendant caused the damages to the real estate.

The question of negligence becomes important in considering the damages to the improvements upon the property of plaintiff.

We conclude upon this phase of the case that there was sufficient evidence upon the question of negligence of the defendant to warrant the conclusion of the jury finding adversely to the defendant.

The next question that has given the court serious concern is the question of the amount of the damages awarded the plaintiff. The verdict was not separated into findings as to damage to the real estate and improvements. We do not know how much was allowed for each, or whether or not the entire amount was allocated to one element alone.

The evidence upon the question of damages consisted in great part in opinion as to what would be necessary to restore the property to a condition stated to have existed before the excavation. The amounts mentioned are so widely different that we find any attempt to reconcile the several predicates for the opinions completely hopeless.

The injuries claimed to have been caused

462

by the excavation consist of various cracks throughout the house, fissures in the land, peeling off of plaster, distortion of window and door frames, settling of the chimney, and cracking of outside walls.

The plaintiff's evidence of depreciation ran as high as $11,000 of buildings and land. The defendant's witnesses stated that complete restoration could be effected for $800.00.

Without attempting to analyze in detail the various defects in the conclusions of the witnesses for the plaintiff and defendant it is the conclusion of the court that the weight of the evidence will not at the utmost sustain a total sum as compensation for damages to buildings and land of more than $4,000, and that a remittitur for any amount above this sum must be allowed, and in the event this is not accepted that a new trial must be granted.

It is claimed that statements of an employee of defendant advising the plaintiff of her rights and giving her advice in respect thereto, prejudicial to the defendant, should not have been admitted in evidence, for the plaintiff, because he was acting without the scope of his authority. It appears that the plaintiff requested the defendant to send someone to talk to her, that the employee was sent in response to this request, and made the statements of which complaint is made during a conversation with the plaintiff. We conclude no error, prejudicial to the defendant intervened in this respect.

Other assignments of error have been inspected and compared with the record, with the result that it is the conclusion of the court that in none of these does error appear justifying a reversal of the judgment below.

Upon acceptance of the remittitur, the judgment, as modified, will be affirmed, otherwise, the judgment will be reversed as against the weight of the evidence.

MATTHEWS and HAMILTON, JJ, concur.